ANN MILLER, Respondent, v. W. F. GORDON, Appellant.

**Kansas City Court of Appeals, November 3, 1902.**

1. **Trial Practice**: SERVICE: APPEARANCE AND TRIAL: STATUTORY CONSTRUCTION. Under the Act of March 22, 1901, a defendant sued on a promissory note, who has been served fifteen days before the first day of the term, must answer on the first day and the cause is triable at such term. (Prior statutes reviewed.)

2. ——: AMENDMENT. An amendment must be construed with reference to the act intended to be remedied and the object sought to be accomplished.

Appeal from Clay Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*D. C. Allen* for appellant.

(1) All courts in Missouri will take judicial notice of all public laws, the counties composing judicial circuits, in what circuit a county is situate, the terms of circuit courts and the beginnings thereof, and, accordingly, that the June term of Clay Circuit Court began in 1902 on the ninth day of June in that year. Session Acts 1901, p. 108, et seq.; State ex rel. Seibert, 130 Mo. 202; Emerson v. Railroad, 111 Mo. 161; Harwood v. Toms 130 Mo. 225; State v. Worrell, 25 Mo. 212; Hicks v. Ellis, 65 Mo. 183; State v. Daniels, 66 Mo. 206. (2) "Said" and "aforesaid" are synonymous. Rex v. Countesthorpe, 2 Bar. and Ad. (Am. Ed.), 128; Webster's Dictionary; Anderson's Law Dictionary. "Aforesaid," as a general rule, refers to the nearest antecedent. 2 Kent (9 Ed.), side page 555; Am. and Eng. Ency. of Law, words "said" and "aforesaid" and notes. The words, "as aforesaid," as a general rule,

refer to the nearest antecedent, with the idea of mode or manner or way added. 21 Am. and Eng. Ency. of Law (1 Ed.), Vol. 21, p. 442, note 3. The word "such" in meaning, has much in common with "as aforesaid." It means "of that kind," "the same that," etc., and refers to what has been previously specified. Webster's Dictionary; Anderson's Law Dictionary. (3) Section 597, as amended, must be construed in connection with sections 566, 567, 568 and 569. It is *in pari materia* with those sections, and words, phrases and statutes *in pari materia* must be construed together. St. Joseph v. Porter, 29 Mo. App. 605; Pitt v. Bishop, 53 Mo. App. 600-606; State ex rel. v. Slover, 126 Mo. 652; Macke v. Byrd, 131 Mo. 682. (4) A safe rule of construction is to construe section 597, as amended (in connection with sections 566, 567, 568 and 569) as written, without regard to the results of construction or the wisdom of the law as thus construed. Aultman v. Daggs, 50 Mo. App. 280. (5) A change in the text of a statute implies an intent to alter the law formerly expressed therein. Grocer Co. v. Walton, 69 S. W. 477. (6) In the interpretation of section 597, as amended, we should not deviate from the common use of language, at least if we have not very strong reasons for it. Potter's Dwarris Statutes on (Ed. 1871), p. 127, rule 8. The interpretation of the amendatory act should be according to the most natural and obvious meaning of its language. Courts can not correct the errors, if any, of legislation. Potter's Dwarris, etc. (Ed. 1871), p. 144, rule 9. Another safe rule in construing the amendatory act is to follow its grammatical and natural sense. There is nothing in the context showing a different meaning. Potter's Dwarris, etc. (Ed. 1871), p. 196, clause 5. No interpretation of the amendatory act should be made against its express letter. Potter's Dwarris, etc. (Ed. 1871), p. 207, clause 6.

*Theodore Emerson* for respondent.

(1)   The following statutes govern such cases:

sec. 568 of article 4 of chapter 8; section 597 of article 5 of chapter 8 (as amended March 22, 1901): (2) For years it has been the law of the State of Missouri for judgments to be obtained in suits on bonds, bills of exchange and promissory notes at first term of court after service of more than fifteen days. And this law was not intended to be changed by the act of the Legislature March 22, 1901, nor was it changed. (3) There is nothing in the contention of counsel for appellant that thirty days' service is required in all cases.

SMITH, P. J.—This is an action which was brought upon a promissory note to recover the sum of $1,850, and the interest that had accrued thereupon. The defendant was summoned more than fifteen but less than thirty days before the first day of the term at which he was required to appear. There was an appearance and answer filed by the defendant on the first day of the term. Later on during the same term the defendant moved the court to continue the cause as of course and without trial to the next succeeding term, which motion was denied and defendant duly excepted. Still later on during the term the cause was called for trial, and defendant declining to further appear, judgment *nil dicet* was given for plaintiff. The defendant in due time filed his motion in arrest, based on the ground that the court was without jurisdiction to render the judgment.

The contention here of the appealing defendant is that since the Amendatory Act of March 22, 1901 (Sess. Acts 1901, pp. 85-6), went into effect, that in all cases where the action is founded upon any bond, bill of exchange or promissory note for the direct payment of money or property unless the defendant be served with process thirty days before the first day of the term to which he is summoned to appear, such term becomes merely the appearance term and the case goes over for trial at the next succeeding term. A brief reference to prior statutory enactments relating to the same subject-matter as the amendment, may assist

us in our endeavors to ascertain the meaning of the language employed in the latter.

Section 5 of article 6, chapter 128, Revised Statutes 1855, provided that every defendant who should be summoned or notified according to the provisions of that act should, except as thereinafter provided, demur to or answer the petition on or before the sixth day of the term at which he was required to appear, if the term should so long continue and if not then on or before the end of the term, unless further time were given. Section 24, of the same article and chapter, further provided that when the petition was founded solely upon a bond, bill or note for the direct payment of money or property and the defendant was personally served with process, he should demur to or answer the petition on or before the second day of the term at which he was bound to appear, if the term should so long continue; if not then within such time in the term as the court should direct. Section 26, of the same article and chapter, still further provided that suits founded upon such bonds, bills and notes should be determined at the term at which defendant was bound to appear unless continued for cause.

So much of section 5 of chapter 165, General Statutes, 1865, as is applicable to counties having forty thousand inhabitants of less—Clay county has less than forty thousand—is a literal embodiment of sections 24 and 25 of Revised Statutes, 1855, just referred to, so that as to counties of the class to which Clay belongs, the provisions of sections 24 and 25, Revised Statutes 1855, supra, were carried forward into the statutes of 1865 without any change.

In section 3514, Revised Statutes, 1879, so far as it relates to counties having forty thousand inhabitants or less, it is provided that "*every defendant who shall be summoned or notified according to the provisions of this chapter shall, except as herein provided, demur to or answer the petition on or before the sixth day of the term at which he is required to appear if the term shall so long continue, and if not, then before the*

*end of the term, unless further time be given by the court;* provided, that where the suit is founded upon any bond, bill of exchange or promissory note for the direct payment of money or property and the defendant had been served with process, he shall demur to or answer the petition on or before the second day of the term, if it continues so long, otherwise in such time as the court shall direct, and all suits founded upon bonds, bills of exchange or promissory notes for the direct payment of money or property, shall be determined at the term at which the defendant is required to appear unless continued for good cause." This section revived and again put in operation in their entirety, in counties of the class to which Clay county belongs, the three sections of the revision of 1855, referred to at the outset.

In section 2042, Revised Statutes, 1889, it is provided that in counties having forty thousand inhabitants or less *"every defendant who shall be summoned or notified according to the provisions of this chapter shall demur to or answer the petition on or before the third day of the term at which he is required to appear, if the term so long continue, and if not then before the end of the term, unless time be given by the court*: provided, that in all cases wherein the defendant has been served with process or notified, thirty days before the first day of the term at which he is required to appear, and in all cases where the suit is founded upon any bond, bill of exchange or promissory note for the direct payment of money or property, and the defendant has been served with process, he shall demur to or answer the petition on or before the third day of the term if it continues so long or otherwise in such time as the court shall direct, and in all suits wherein the defendant has been served with process or notified thirty days before the first day of the term at which he is bound to appear and in all suits founded upon bonds, bills of exchange and promissory notes for the direct payment of property shall be determined at the term at which the defendant is required to appear unless continued for cause."

It will be noticed that the italicised part of this section (2042) is identical in terms with the italicised part of section 3514, Revised Statutes, 1879, already quoted, except that the defendant is required to demur or answer on or before the *third day* of the term instead of the *sixth day*.

This section (2042) further provided that if the defendant be served with process thirty days before the first day of the term at which he is required to appear, or if the suit be founded on a bond, bill of exchange or promissory note for the direct payment of money or property, the defendant must demur to or answer the petition on or before the third day of the term, and all cases of either class must be determined at the return term unless continued for cause. Under this section in any case where the process had been served thirty days before the return day named in such process, the defendant was required to plead within the same time a defendant was required to, who was sued on a bond, bill of exchange or promissory note for the direct payment of money or property. Both cases were required to be determined at the return term unless continued for cause. So that under its terms and provisions a defendant who in any case was served with process fifteen days before the return day of such process, must plead on or before the third day of the term, but if he was served with process thirty days before the first day of the term at which he was required to appear, or if the suit was founded on a bond, bill or promissory note for the direct payment of money or property, then in either case he was required to plead on or before the third day of the term, and cases of either of the latter kind were to be determined at the return term unless continued for cause.

A plaintiff in any case by causing a defendant to be served with the process thirty days before the return day of such process becomes thereby entitled to the same speedy remedy that was afforded a plaintiff who sued on a bond, bill, or promissory note for the direct payment of money or property, and obtains fif-

teen days service of the process before the return day thereof. This section, for the first time in our practice act, gave a plaintiff, who obtained service in any case thirty days before the return day of the writ, any right to a speedier trial and determination of his cause than a plaintiff who obtained a service of process only fifteen days before the return day of the writ. The section in its structure is the same as it was in the revision of 1879, except as to the time in which defendant was required by the *italicised* part to plead and except as to the effect to be given when the service is had thirty days before the return day of the writ. That portion of it relating to suits on bonds, bills and promissory notes is the same as in the revision of 1879, except the defendant is required to plead on the *third* instead on the *second* day of the term.

Section 597, Revised Statutes 1899, is an exact transcript of section 2042, Revised Statutes 1889.

The Amendatory Act of 1901, already referred to provided as follows: "*That in all counties having forty thousand inhabitants, or less than that number, every defendant who shall be summoned or notified according to the provisions of this chapter shall demur to or answer the petition on or before the first day of the term at which he is required to appear, unless further time be given by the court;* and in all cases wherein the defendant has been served with process or notified thirty days before the first day of the term at which he is required to appear, and in all cases where the suit is founded upon any bond, bill of exchange or promissory note for the direct payment of money or property, and the defendant has been served with process, as aforesaid, he shall demur to or answer the petition on or before the first day of the term, unless longer time be granted by the court; and all such suits wherein the defendant has been served with process as aforesaid shall be determined at the term at which the defendant is required to appear, unless continued for cause." The *italicised* words of this act requires every

Vol 96 mo app—26.

defendant, without reference to the kind of action, who has been served with process according to the provisions of this chapter—i. e., served with process fifteen days before the first day of the return term—to plead on or before the first day of such return term, unless further time be given.

But in that part of it next following it is further provided "(1) that in all cases where the defendant is served with process thirty days before the first day of the term at which he is required to appear and (2) and in all cases where the suit is founded upon a bond . . . for the direct payment of money or property and the defendant has been served with process as *aforesaid,* he shall plead on or before the first day of the return term unless a longer time be granted"—and all such suits wherein the defendant has been served with process as aforesaid shall be determined at the term at which defendant is required to appear unless continued for cause. If this amendatory act had stopped with the words of it which we have italicised, then it is clear that under its provisions, since the suit of the plaintiff was upon a promissory note for the direct payment of money, the term at which the defendant was required by the writ to appear would have been only the appearance term, or if the section had stopped where it further provides that in all cases where the defendant had been served with process or notified thirty days before the first day of the term at which he is required to appear . . . he shall demur to or answer the petition on or before the first day of the term unless a longer time be granted by the court, we would not have doubted that the return of the writ was the appearance term, since the process was served more than fifteen but less than thirty days before the return day of such process. The case would still have been within the class of cases first referred to in the section.

But the section has gone further and provided that in actions on bonds, bills and promissory notes for the direct payment of money or property, where the de-

fendant has been served with process as *aforesaid* he shall plead on or before the first day of the return term and that term shall be the trial term. The fact that the suit was on a promissory note for the direct payment of money made the return term of the suit the trial term of the cause. The terms "as aforesaid" appearing between the words "served with process" and "he shall demur," and as used in the act, unquestionably refer to the service mentioned in the third and fourth lines of the proviso to the section, that is to say, the fifteen days' service provided in sections 567 and 568, Revised Statutes. If, however, these terms refer to the thirty days mentioned in the preceding portion of the act, then in a case of a suit upon a promissory note, even if the defendant is served with process fifteen days before the first day of the term to which the writ is made returnable, that term is not the trial term of the cause, or in other words, unless the service of the process is had thirty days before the first day of the term at which defendant is required to appear, the term is only the appearance and not the trial term. From this it would result as an inevitable corollary that in actions *ex delecto,* as for example that of slander, if the defendant be served with process thirty days before the first day of the term at which he is required to appear, the cause must be determined at the return term of the writ, while in any action on a promissory note or other instrument for the direct payment of money though the defendant be served with process fifteen days before the first day of the term at which he is required to appear, and though he is required to plead on the first day of such return term, the cause can not be determined until the next succeeding term of the court.

It had been the legislative policy of the State, steadily adhered to for more than fifty years as disclosed by the various statutes which we have already either quoted or referred to, to afford creditors holding bonds, bills of exchange and promissory notes for the direct payment of money in which default had been

made, a prompt and speedy remedy for their enforcement, and to give the amendatory act the construction for which defendant contends would be to introduce a radical change in such policy which we can not think the Legislature intended to accomplish. All prior statutes covering the subject to which the said act relates contain an express injunction requiring that all suits on instruments for the direct payment of money, where the defendant had been served with process fifteen days before the first day of the term at which he was required to appear, to be determined at the return term, and a construction of said act that would annul this statutory requirement and lay an embargo on the right of creditors to a speedy enforcement of defaulted obligations for the direct payment of money, would be most unreasonable.

Nor do we discover anything in the following words of the amendment, to-wit: "and all such suits wherein the defendant has been served with process as aforesaid shall be determined at the term at which the defendant is required to appear" countenancing defendant's contention. Evidently the words "served with process as aforesaid" refer to both the thirty days' service and the fifteen days' service, where the suit is on an instrument for the direct payment of money mentioned in a preceding part of the act. If the "service of process as aforesaid" refers to the thirty days' service as their antecedent, then in a suit on a promissory note there can be no trial at the return term of the writ unless the defendant has been served thirty days before the first day of the term at which he is required to appear. Obviously nothing of the sort is required by the act, for if such had been its purpose, that purpose would have been accomplished when it had enacted that all suits wherein the defendant is served with process thirty days before the first day of the term to which the process is returnable, should be determined at that term, and the subsequent part of it which relates to suits on bonds, bills of exchange and promissory notes for the direct pay-

ment of money would have been entirely superfluous and meaningless.

A statute of this kind must be construed with reference to the act intended to be remedied and the object sought to be accomplished. The object sought to be accomplished by the amendment was without question, to expedite the disposition of suits thereafter to be brought; to provide for the speedy trial of cases and thus to avoid that "delay" which is prohibited by the State Constitution; and, more particularly to expedite and facilitate the speedy enforcement of obligations for the direct payment of money. It was not the object of the act to take a step backward and add to the difficulties already in the way of enforcing such obligations.

One of the objects of the act was to require a defendant, in a suit on an instrument for the direct payment of money where the defendant is served with process fifteen days before the term to which the writ is made returnable, to plead on the first day, instead of the third day, as was the case under section 597, Revised Statutes, so as to more certainly insure a determination of the suit at that term. If there are terms or phrases employed in the amendment about the meaning of which there is a doubt, that doubt must be resolved in favor of a meaning which will best accomplish the object which the Legislature had in view in its enactment. While the amendment can not be referred to as a model of grammatical propriety or perspicuity, and while the meaning of some of its terms and phrases are rather obscure and involved in seeming doubt, yet looking at it in the light of prior statutes on the same subject, and bearing in mind the object sought to be accomplished, we can entertain no doubt but that the view taken of it by the trial court, as indicated by its rulings and judgment, was correct.

Accordingly the judgment will be affirmed. All concur.